## ELIAKIM ROBERTS

*v.*

## LEWIS J. GATES *et al.*

2. MECHANIC'S LIEN. In a proceeding to enforce a mechanic's lien, in which there were two petitioners, it was alleged in the petition that one of the petitioners, by virtue of a special contract, furnished materials to the defendant to be used in the erection of a building, and that after the contract was nearly completed the two petitioners formed a partnership, not as to materials furnished, but as to future business, and then a small quantity of materials was furnished to the defendant by the firm. The jury assessed damages to one petitioner at a certain sum, and also to both petitioners at another sum, and a decree was rendered upon the verdict: *Held*, that, upon the allegations of the petition, the decree was erroneous, as the goods were furnished under a special contract with one person, and the formation of the partnership gave to the incoming partner no lien by virtue of the contract. No joint lien was created, and the court had no power to declare a lien in favor of the partners.

2. PARTIES—*in petition for mechanic's lien.* To entitle a person to unite in a petition for a mechanic's lien under the statute, he must have, not only an interest in the subject matter, but must have a lien. The principle that all persons interested in the subject matter be made parties, has no application to such a case. The 20th sec. of the statute relating to this proceeding has reference only to persons who may be made parties defendant, or who may become parties by bills of interpleader on account of liens held by them.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was a proceeding to enforce a mechanic's lien on certain premises belonging to the defendant, commenced by Lewis J. Gates and John C. Southwick against Eliakim Roberts.

Mr. FRANK CROSBY, for the appellant.

Mr. JAMES H. SLAVIN, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The petition alleges that one of the petitioners, by virtue of a special contract, furnished materials to the defendant to be used in the erection of a building; and after the contract was nearly completed, the two petitioners formed a partnership—not as to material furnished, but as to future business—and then a small additional quantity of materials was furnished to the defendant by the firm.

The jury assessed damages to one petitioner at a certain sum, and also to both petitioners at another sum, and decree was rendered upon the verdict.

Upon no principle can this decree be sustained. The goods were furnished under an express contract with one person, and the formation of the partnership gave to the incoming partner no lien by virtue of the contract. Upon the allegations of the petition no joint lien was created, and the court had no power to declare a lien in favor of the partners.

It may be that, after the partnership, both petitioners were equally interested in the goods then delivered, but this equal interest alone could not make a lien, and only the persons who have a lien are entitled to the benefit of the statute.

The principle, that all persons interested in the subject matter should be made parties, has no application to this case. To entitle a person to be a petitioner, he must not only have an interest, but a lien within the purview of the statute.

The 10th section of the statute referred to has reference only to persons who may be made parties defendant, or who may become parties by bills of interpleader, on account of liens held by them.

This record also presents the anomaly of two verdicts, in different rights, in the same cause. This is not allowable, and would make utter confusion of the simple and systematic common law practice.

The decree is reversed and the cause remanded.

*Decree reversed.*

Mr. JUSTICE WALKER, dissenting : I do not concur in the decision, as I hold that the law implies a contract and creates a lien in favor of the firm for the materials furnished by them, and they were entitled to enforce the lien by this proceeding.